# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

February 20, 2020

Lyle W. Cayce
Clerk

No. 19-60455

JACKSON WOMEN'S HEALTH ORGANIZATION, on behalf of itself and its patients; SACHEEN CARR-ELLIS, M.D., M.P.H., on behalf of herself and her patients,

Plaintiffs-Appellees

v.

THOMAS E. DOBBS, M.D., M.P.H., in his official capacity as State Health Officer of the Mississippi Department of Health; KENNETH CLEVELAND, M.D., in his official capacity as Executive Director of the Mississippi State Board of Medical Licensure,

Defendants-Appellants

Appeal from the United States District Court
for the Southern District of Mississippi

Before KING, COSTA, and HO, Circuit Judges.

PER CURIAM:

In 2018, Mississippi enacted a law prohibiting abortions, with limited exceptions, after 15 weeks' gestational age. A district court enjoined the law, and we recently upheld that injunction. *Jackson Women's Health Org. v. Dobbs*, 945 F.3d 265, 274, 277 (5th Cir. 2019) (*Dobbs I*). The 15-week law, we concluded, is not a mere regulation of previability abortions subject to the "undue burden" test of *Planned Parenthood of Southeastern Pennsylvania v. Casey*, 505 U.S. 833 (1992). *Dobbs I*, 945 F.3d at 273–74. Instead, the law is a

ban on abortion after 15 weeks, "which *Casey* does not tolerate." *Id.* at 274. Such a ban is unconstitutional under Supreme Court precedent without resort to the undue burden balancing test. *Id.*; *see also Casey*, 505 U.S. at 879 (holding that "a State may not prohibit any woman from making the ultimate decision to terminate her pregnancy before viability").

In 2019, Mississippi enacted another abortion law—the one this case is about. Senate Bill 2116 makes it a crime to perform an abortion, with exceptions only to prevent the death of, or serious risk of "substantial and irreversible" bodily injury to, the patient, after a "fetal heartbeat has been detected." "'Fetal heartbeat' means cardiac activity or the steady and repetitive rhythmic contraction of the fetal heart within the gestational sac." The parties disagree about when that activity occurs during a pregnancy. The clinic contends it occurs at six weeks. Mississippi argues it can occur anywhere between six and twelve weeks. But all agree that cardiac activity can be detected well before the fetus is viable. That dooms the law. If a ban on abortion after 15 weeks is unconstitutional, then it follows that a ban on abortion at an earlier stage of pregnancy is also unconstitutional.

Indeed, after we held that the 15-week ban is unconstitutional, Mississippi conceded that the fetal heartbeat law must also be. As our earlier decision explained, a ban on abortion is different from a law prohibiting certain methods of abortion. *See Dobbs I*, 945 F.3d at 273–74 (distinguishing *Gonzales v. Carhart*, 550 U.S. 124 (2007)). And although Mississippi analogizes its law to ones that prohibit abortions sought for certain reasons, *see, e.g., Preterm-Cleveland v. Himes*, 944 F.3d 630 (6th Cir. 2019) (granting rehearing en banc to address constitutionality of an Ohio law that criminalizes abortion if the provider knows the woman is seeking an abortion because there are indications the child might have Down Syndrome), Senate Bill 2116 bans abortions at a

previability stage of pregnancy regardless of the reason the abortion is sought. This case thus does not require us to assess the constitutionality of abortion laws that prohibit abortions performed using certain procedures or sought for a particular reason.

The preliminary injunction the district court granted is AFFIRMED.